## HOAGLAND, et v STATE ex PARKER

Ohio Appeals, 4th Dist, Pike Co
Decided May 17, 1930

Donald F. Smith, Columbus, for Hoagland, et.

Earl D. Parker, Morgantown, and Knepper & Wilcox, Columbus, for State ex.

PER CURIAM

In support of the motion, however, the respondents filed a number of affidavits, including their own, which have been incorporated in a bill of exceptions and which present to this court the only evidence adduced in the proceedings in the court below. It is sufficient at this time to say that the statements made in the affidavits, if true, indicate that the election as a whole was conducted in an irregular and unlawful manner; that in one instance at least a candidate for office at said election assumed the duties of a judge thereof and proceeded to perform the duties of such judge. These matters, however, are of no significance in this proceeding for the reason that after the Court of Common Pleas made the order quoted the respondents signed the election returns, one officer signing perhaps under protest which condition does not affect the situation one way or the other, and that after signing the returns they proceeded to prosecute error to this court.

It has long been the settled law of this state that in proceedings before the Supreme Court wherein the record shows that there is nothing left in the case on which the judgment of the court can operate the question so presented becomes a moot question only and the case is dismissed. The same rule has always been observed in the Court of Appeals. The authorities supporting this rule are so numerous that it would be burdensome to refer to them. It is sufficient to call attention to the cases of **Miner v. Witt, 82 OS. 237, Politz, et al v. Utilities Commission, 95 OS. 483,** and **State ex rel v. Forney, et al, 106 OS. 661.** In the case before us we can render no judgment that will affect the rights of the respondents or restore to them any rights they surrendered under the judgment. If they intended to invoke the jurisdiction of this court to protect them in the privileges they claim, they should, without signing said election returns, have applied to this court for a suspension of the judgment rendered in the court below. This they failed to do but after complying with the judgment of the court below they bring proceedings in error with no issue pending between the parties which was not finally settled and determined when they signed the returns. For this reason the proceeding must be dismissed.

Middleton, PJ., Mauck and Blosser, JJ., concur.